PEOPLE, PLAINTIFF AND APPELLEE, v MÁRQUEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Aggravated Assault and Battery.

No. 1385.—Decided April 28, 1919.

ASSAULT AND BATTERY—PREMEDITATION.—It is not necessary to allege or prove
premeditation in a prosecution for assault and battery. Only criminal in-
tent, or *mens rea,* need be shown.

The facts are stated in the opinion.

Messrs. *José de Jesús Tizol* and *Antonio Trujillo* for the
appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The only error assigned on this appeal and argued before
the court is that the judgment is against the evidence inas-
much as the charge was for assault and battery with aggra-
vating circumstances and the proof failed to show premedi-
tation on the part of the appellant.

The definition of assault and battery is as follows:

"Sec. 1.—The use of any unlawful violence upon the person of
another with intent to injure him, whatever be the means or the
degree of violence used, is an assault and battery. Any attempt to
commit a battery, or any threatening gesture showing in itself an
immediate intention, coupled with an ability to commit a battery,
is an assault." Session Laws of 1904, p. 48.

The assault becomes aggravated when committed under
various circumstances of which we transcribe number 9.

"9. When committed with premeditated design and by the use
of means calculated to inflict great bodily injury."

This is the only section that uses the word "premedi-
tated" and would seem to be the exception that points the
rule.

In general, murder is the only crime of violence in which
premeditation is necessary. In manslaughter, or in any

lesser crime, only the guilty intention, or *mens rea,* must be proved. Sometimes such intention is inferred from the principle that a person must be presumed to intend the natural and probable consequences of his acts. *People* v. *Blandford,* 23 P. R. R. 580; *People* v. *Astacio,* 23 P. R. R. 783.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.